## Staunton.

DICKENSON AND OTHERS v. PATTON AND OTHERS.

September 9, 1909.

1. HOMESTEADS—*Property Fraudulently Conveyed—Claim by Widow and Children—Vendor's Lien—Discharge—Subrogation.*—Where property has been conveyed, directly or indirectly, by a husband to his wife, and the conveyance has been set aside at the instance of his creditors on the ground of fraud or want of consideration, the constitution of this State and the statute passed in pursuance thereof declare that the householder shall not be entitled to claim a homestead exemption in the property so conveyed; and as he cannot claim such homestead in his lifetime, his widow and children cannot claim it after his death, as their homestead rights and privileges in his property cannot be any greater than he himself had. But where it appears that the wife has been guilty of no actual fraud, and that she has, out of her own means, discharged a purchase-money lien on the property, the lien will be treated as in force for her protection, and she will be subrogated to the rights of the lienor, and be repaid the amount of the lien out of the proceeds of the sale of the property.

Appeal from a decree of the Circuit Court of Russell county in a suit in chancery wherein appellee filed a petition. Decree for petitioner. Defendants appeal.

*Reversed.*

The opinion states the case.

*L. B. Quillen, H. A. & J. K. Routh,* and *W. W. Bird,* for the appellants.

*J. C. Gent* and *R. S. Meade,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The question involved in this appeal is whether or not the widow of W. L. Patton, deceased, is entitled to have the house and lot mentioned in the bill and proceedings set apart as a homestead, for the benefit of herself and her minor children.

It appears that in March, 1906, W. L. Patton entered into an agreement with Wm. M. Hartsock for the purchase of a parcel of land containing four acres, at the price of about $423.00. Mr. Patton was put in possession of the land, paid $100.00 on the purchase price, and erected a dwellinghouse upon it at a cost of something near $500.00 prior to January 1, 1907. About the last-mentioned date Mr. Patton, who was a member of the firm of Fugate & Patton, a partnership engaged in the mercantile business, sold his interest in the firm to his partner, who assumed its liabilities. The debts, however, were not paid; the partnership and the members thereof being insolvent. On the 14th day of January, 1907, Mr. Hartsock, the vendor of the land, with the knowledge and assent of Mr. Patton, if not at his request, conveyed it to his wife upon her payment of $324.00, the balance of the purchase money due thereon. In order to make that payment she borrowed the money, and to secure its payment gave her note, with sureties, and also a deed of trust upon the property conveyed to her.

In the bill filed by her to restrain one of the creditors of the firm of Fugate & Patton from subjecting the house and lot to the payment of a lien which it claimed to have on the property, Mrs. Patton alleged that she was the owner of the land, and that it was not liable for her husband's debts. This was denied by the creditor. Other creditors of the firm became parties to the litigation by petition. An account was ordered to ascertain the liens upon the property. Before the account was taken Mr. Patton died. His widow filed her petition in the cause, in which it was alleged that the house and lot were worth $800.00; that she had paid $424.00, the purchase price of the land; that her

husband had erected the building on the lot out of his own individual means; and asked that commissioners might be appointed to set apart his interest in the property to her and his minor children as a homestead.

Upon a hearing of the cause, the court, being of opinion that the widow and minor children were entitled to a homestead in the property, so decreed. From that decree this appeal was granted.

Unless Mr. Patton, the husband, could have claimed a homestead in the property as against the firm creditors, if the conveyance to his wife had been set aside in his lifetime because in fraud of his creditors or for want of consideration, his widow and minor children were not entitled to a homestead in it; for manifestly the widow and minor children of a householder or head of a family cannot have greater homestead privileges or rights in his property than he himself has.

By section 191 of the Constitution of 1902, clause 7, and section 3630 of Pollard's Code, it is provided that a householder or head of a family shall not be entitled to claim a homestead exemption "in any property the conveyance of which by the homestead claimant has been set aside on the ground of fraud or want of consideration."

Under the facts and circumstances disclosed by the record in this case, there is no question that the conveyance of the house and lot to Mrs. Patton by Mr. Hartsock, her husband's vendor, was without consideration to Mr. Patton, and in fraud of the rights of his creditors. If the husband had lived until the case was decided, the court would have been compelled to set aside the conveyance to his wife as in fraud of the rights of his creditors. If it were set aside on that ground, under the provisions of the Constitution and statute quoted, Mr. Patton would not have been entitled to claim a homestead in the property. The fact that he himself did not make the conveyance to his wife cannot affect the question, since it was made with his knowledge and consent, if not at his request, by his vendor for the purpose

of clothing his wife with property rights which belonged to him, and which his creditors had the right to subject to the payment of their debts.

Forms are of little moment, for where fraud appears courts will generally treat the act, however evidenced, as a nullity so far as the creditors are concerned. 20 Cyc. 391, and cases cited.

The evil intended to be remedied by the constitutional and statutory provisions quoted was to prevent a debtor from fraudulently or voluntarily disposing of his property to prevent his cerditors from subjecting it to their debts, without forfeiting his right to a homestead exemption in the property if the disposition made of it was afterwards set aside as fraudulent or voluntary, as was the case under the homestead laws in force at the time the Constitution of 1902 went into effect. *Shipe* v. *Repass,* 28 Gratt, 716; *Oppenheim* v. *Myers,* 99 Va., 582, 39 S. E. 218, and cases cited.

Since Mr. Patton, if he were alive, would not be entitled to a homestead in the house and lot, his widow and minor children who claim through him are not entitled to it. Pollard's Code, sec. 3636; 21 Cyc. 576.

Whilst the conveyance to Mrs. Patton must be set aside as in fraud of the rights of her husband's creditors, it does not appear that she was guilty of actual fraud in the transaction, and she will be entitled to be repaid the purchase-money lien paid off by her out of the proceeds of the sale of the property, and to have that lien treated as in force for her protection.

The decree appealed from must be reversed, and the cause remanded to the circuit court for further proceedings not in conflict with the views expressed in this opinion.

*Reversed.*