## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Bray

v.

Caswell

August 2, 1982

Case No. (Law) 10,781

By JUDGE BERNARD G. BARROW

This case was tried on April 13-15, 1982. The jury returned a verdict for the plaintiff in the amount of $20,000. The defendant renewed her motion to strike the plaintiff's evidence as to Count I of the amended motion for judgment which had been made at the conclusion of the plaintiff's evidence and taken under advisement by the court.

The plaintiff is an 81 year old man. He married his first wife in 1924. She died the following year, and he married again April 19, 1927. His second wife died in July, 1977, and within 6 months he married his third wife, Elva Lee Bray. They separated June 1, 1978, and were divorced in January, 1980.

During the period between the separation and divorce of his third wife, the plaintiff renewed his acquaintance with the defendant who he had known since 1973. They intended to marry and did live together for a period of time. He gave her money in an amount he said exceeded $63,000. He described the reason for giving her this money as follows:

> Funds was turned over to Mrs. Caswell for safe-keeping because I felt that I had already spent enough money on my wife, Elva Lee, and I didn't owe her anything else . . . [there was no agree-

ment as to how the money would be turned over to the defendant] . . . I just endorsed checks and she deposited them in her account for safekeeping for me.

The plaintiff admitted that in a proceeding to which his wife, Elva Lee Bray, was a party, he testified under oath that all the money he had when they had separated had either been given to the Catholic Church or lost gambling and that he had nothing left.

Part of the money was returned by the defendant to the plaintiff; however, the plaintiff asserts that not all of it was returned and he is entitled to a judgment for the balance. The jury verdict resolved the factual issues, and the evidence must be viewed in the light most favorable to the plaintiff. The defendant contends that as a matter of law the plaintiff should not be permitted to recover since the money was transferred to the defendant with intent to hide plaintiff's assets from Elva Lee Bray.

Section 55-80 of the Virginia Code provides in part that:

> Every . . . transfer of . . . any estate, real or personal . . . given with intent to delay, hinder or defraud creditors . . . or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors . . . or other persons be void.

A wife in a divorce proceeding is within the classification of "other persons" mentioned in this section. *Crowder v. Crowder*, 125 Va. 80 (1919). Furthermore, a transfer in violation of this statutory prohibition, although void as to creditors, is valid between the parties to the transfer and cannot be attacked by the grantor. *Starke's Ex'rs.* v. *Littlepage*, 25 Va. (4 Rand.) 368 (1826); *Harris* v. *Harris' Ex'r.*, 64 Va. (23 Gratt.) 737 (1873); and *Catron* v. *Bostic*, 123 Va. 355 (1918). The particular form of the transfer is immaterial. *See Dickenson* v. *Patton*, 110 Va. 5 (1909).

The transfer by the plaintiff to the defendant was intended to defraud the plaintiff's wife. She was a person who is protected by the provisions of § 55-80 of the

Virginia Code. The plaintiff was the grantor of a transfer prohibited by that section. He should not now be permitted to set aside that transfer and benefit from his fraudulent act.

The defendant's motion to strike should be granted. The jury's verdict should be set aside and judgment should be for the defendant.